UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS EARL DAILEY,

                Plaintiff,

vs.                                    Case No.  2:04-cv-392-FtM-29DNF

DON HUNTER, TRANSCOR OF AMERICA,  B.
GEORGE, BADGE NO. 2508,

                Defendants.

_____

**OPINION AND ORDER**

_____This matter comes before the Court on defendant Transcor of America and Texas District Transport Sergeant's Motion to Dismiss (Doc. #25)[1], filed on March 7, 2005, and defendant Don Hunter's Motion to Dismiss (Doc. #35), filed on April 27, 2005.  Plaintiff filed a Reply to Defendants' Motion to Dismiss (Doc. #28), Memorandum of Law In Support (Doc. #29), and Notice to the Court

---

[1]Transcor seeks dismissal of the claims as to the Sergeant, but states that it cannot tell who the sergeant is or whether the sergeant is its employee or not.  On December 9, 2005, defendant Transcor filed a Response (Doc. #50) indicating that "B. George" was actually Richard George, a former Transcor employee, and that his current whereabouts are unknown.  On December 13, 2005, plaintiff was directed to complete and return a Form USM-285 to serve defendant Richard George at a new address.  (See Doc. #51). Plaintiff did not return the Form.

(Doc. #52) indicating that he would not be filing a response to Don Hunter's Motion to Dismiss.

## I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept

-2-

unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

Taking all allegations as true, the facts presented by plaintiff are as follows: On March 8, 2004, Sheriff Don Hunter contracted with Transcor of America (Transcor) to transport plaintiff from the Bexar County Jail in San Antonio, Texas, to the Collier County Jail in Naples, Florida, on a violation of probation warrant. (Doc. #1, pp. 9-10). On March 11, 2004, plaintiff was summoned to the medical department of the Bexar County Jail to respond to a request for release of medical information. Plaintiff was told by the Nurse that the request was from Transcor for medical and mental health records. Plaintiff consented and signed to the release of said information. (Id. at p. 10).

On March 14, 2004, after midnight, plaintiff along with two other inmates were placed in an empty cell by a Sergeant for Transcor to have their property inventoried and to fill out forms. One of the forms was regarding medications. When asked, plaintiff told the Sergeant that he was taking Pancrelipase, Diazepam,

vitamins, and Zoloft.  (Id. at p. 11).  The Sergeant had no medications and allegedly told plaintiff that Diazepam was just to get high; that Zoloft did not work so he was better off without it; and that he could go without the vitamins for a few days.  As to the Pancrelipase, the Sergeant asked how long he could go without it, to which plaintiff responded "not long."  The Sergeant stated that it would be just a couple of days, maybe a week.  Plaintiff had the Sergeant make a note of the requirements on the form and the prisoners were loaded into a van.  (Id. at pp. 11-12).

The prisoners were later transferred to a Bluebird Bus operated by Transcor that traveled non-stop for 5 days except for fuel and to pick-up or drop-off prisoners.  (Id. at p. 12). Prisoners were required to remain seated while the bus was in motion.  The bus had facilities on-board only to be used when the bus was stopped and plaintiff complains that soap was not available in the facilities.  Plaintiff states that he and the other prisoners were secured by straps, with feet bound, to each other. (Id. at pp. 12-13).

Plaintiff states that he was unable to eat the meals they were provided (one hamburger, one serving of french fries, and one coke) without the Pancrelipase, which assists in digestion of solid foods, and therefore could only eat the bun from the hamburger and tomatoes.  Plaintiff states that he suffered hunger and digestive pains.  Plaintiff further indicates that he suffered insomnia, panic attacks, and mood swings from not receiving his Zoloft and

-4-

Diazepam.  Plaintiff states that when he arrived in Florida he was notably ragged and unhealthy in appearance and could not stand erect.  (<u>Id.</u> at p. 13).

Upon arrival and booking, plaintiff was referred to the staff physician at Collier County Jail, Dr. Smith, who prescribed medications and he was referred to and seen by a member of the mental health staff at the David Lawrence Treatment Center. Plaintiff states that he was shown a document listing his mental and medical status along with a list of his medications that was provided to the Collier County Jail by an Officer of Transcor. (<u>Id.</u> at pp. 14-15).

Plaintiff alleges violations of the Eighth Amendment prohibiting cruel and unusual punishment and medical indifference against Don Hunter, the Sheriff of Collier County; Transcor of America; and the Texas District Transport Sergeant who was designated as "B. George, Badge No. 2508."  Plaintiff seeks monetary compensation for pain and suffering, and injunctive relief regarding any future transportation.

## III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To establish a claim under 42 U.S.C. § 1983, plaintiff must prove that (1) defendants deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of

state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir.). In addition, plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001)(en banc); <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

To the extent that plaintiff is a pre-trial detainee on the probation violation charge, "the Eighth Amendment prohibitions against cruel and unusual punishment do not apply." <u>Cook v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1115 (11th Cir. 2005)(citation and quotation omitted). Rather, plaintiff's right against cruel and unusual punishment as a pre-trial detainee is premised on the due process clause of the Fourteenth Amendment. <u>Cook</u>, 402 F.3d at 1115. <u>See</u> <u>also</u> <u>Purcell ex. rel. Estate of Morgan v. Toombs County, Ga.</u>, 400 F.3d 1313, 1318 n.13 (11th Cir. 2005); <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998). Any pleading defect is inconsequential, however, because the legal standards under the Eighth Amendment and the Fourteenth Amendment due process clause are the same, and the Eighth Amendment case law is applicable. <u>Cook</u>, 402 F.3d at 1115; <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1077 (2001); <u>Lancaster v. Monroe County, Ala.</u>, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). "Thus, pretrial detainees . . . plainly have a

Fourteenth Amendment due process right to receive medical treatment for illness and injuries, . . ." Cook, 402 F.3d at 1115.

"An officer violates a detainee's Fourteenth Amendment right to due process if he acts with deliberate indifference to the serious medical needs of the detainee." Crosby v. Monroe County, 394 F.3d 1328, 1335 (11th Cir. 2004)(quoting Lancaster, 116 F.3d at 1425)). To show deliberate indifference to a serious medical need, plaintiffs must establish both an objective and a subjective prong: Plaintiffs must first prove an objectively serious medical need, then they must prove that the jail official acted with an attitude of deliberate indifference to that need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004); Farrow v. West, 320 F.3d at 1243. A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. Brown, 387 F.3d at 1351; Farrow, 320 F.3d at 1243. To establish "deliberate indifference," plaintiffs must prove (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. Brown, 387 F.3d at 1351; Farrow, 320 F.3d at 1245. Inadvertent or negligent failure to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243.

## IV.

Defendant Transcor argues that plaintiff has failed to allege that it was acting under the color of state law, and has not alleged a violation of a custom, policy, or procedure.  It asserts that the mere statement that a transportation contract existed between Transcor and the Collier County Jail is insufficient.[2]

A § 1983 claim requires plaintiff to show that the conduct was committed by a person acting under the color of state law at the relevant time.  Loren v. Sasser, 309 F.3d 1296, 1303 (11th Cir. 2002), cert. denied, 538 U.S. 1057 (2003).  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-1277 (11th Cir. 2003)(quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)(internal punctuation and citations omitted)).  A private person may be viewed as a state actor under certain circumstances.  Focus on Family, 344 F.3d at 1277 (recognizing three tests used to determine whether person was state actor).  Action is considered to be under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to

---

[2]It is clear that counsel for Transcor does not represent Sergeant Richard George, and therefore the motion as it relates to him will be denied.

the State.  <u>Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295 (2001).  The Supreme Court has stated that "[w]hat is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity."  <u>Brentwood Acad.</u>, 531 U.S. at 295.  The Supreme Court further noted that "no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, . . ."  <u>Id.</u>  Rather, the Supreme Court's prior decisions have "identified a host of facts that can bear on the fairness of such an attribution."  <u>Id.</u> at 296.  The determination of whether there is action under color of state law is a "necessarily fact-bound inquiry."  <u>Id.</u> at 298 (citation omitted).

At this stage of the proceedings, the Court views all allegations in the Complaint in favor of plaintiff.  The Court finds that the alleged contractual relationship between Transcor and the Collier County Jail is sufficient to allege action under color of state law at the pleading stage.  See <u>Farrow v. West</u>, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003)(private physician under contract with state to provide medical care to inmate acts under color of state law for § 1983 purposes); <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985)(collecting cases finding state action is present when a private entity takes on a traditionally governmental role).  It is hardly surprising that plaintiff has failed to attach a copy of the contract, and the existence and details of the contract can be established in

discovery.  The Court finds that plaintiff has sufficiently plead that Transcor acted under color of state law.

Transcor also asserts that the Complaint must be dismissed because it fails to allege a violation of custom or policy which was the moving force behind plaintiff's constitutional deprivations.  Transcor in essence seeks to be treated as a governmental entity in this regard.  <u>Monell</u>[3] has been extended to private corporations, <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992), and therefore Transcor cannot be held liable under a theory of *respondent superior.*  <u>Ancata</u>, 769 F.2d at 705 n.8. Plaintiff has failed to allege a violation of a policy, custom, or procedure that was the moving force behind the alleged constitutional violation.[4]

**V.**

Defendant Don Hunter appears to be sued in his official capacity, however, the Court will also address Mr. Hunter as if

---

[3]<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).

[4]The Court would note that plaintiff has not alleged a permanent or lasting injury, and mere negligence or malpractice does not rise to the level of a constitutional violation, <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991).  Defendant's actions must "shock the conscience," <u>Lumley v. City of Dade City, Fla.</u>, 327 F.3d 1186, 1196 (11th Cir. 2003).  <u>See also</u> <u>Redd v. Conway</u>, 2005 WL 3528932 (11th Cir. Dec. 22, 2005)(citations omitted).  The allegations of the hunger, discomfort, and being shackled while on the bus do not rise to a constitutional deprivation.  <u>See</u> <u>Barker v. Fugazzi</u>, 18 Fed. Appx. 663, 665 (9th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1140 (2002).

also sued in his individual capacity.  Defendant Hunter argues that plaintiff has failed to exhaust his administrative remedies by using the grievance procedures at Collier County jail, and that no violation of a custom, policy, or procedure is alleged.  Sheriff Hunter also argues that there are no facts alleged which show he has any individual involvement in the alleged misconduct.

## A.   Sheriff in Official Capacity:

To the extent that defendant Hunter is sued in his official capacity, the mere fact that the Sheriff holds a supervisory position does not subject him to liability without more. Plaintiff's Complaint does not contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct, and this is required in an official capacity suit. Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004).

Additionally, the Court finds that plaintiff failed to exhaust his administrative remedies by not using the grievance procedures at place in the Collier County Jail.  "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing.

See also <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)(finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available).  Therefore, the motion to dismiss will be granted as to the Sheriff in his official capacity.

**B.  Don Hunter Personally:**

To the extent that defendant Hunter is sued in his individual capacity, there are no allegations against defendant Hunter that demonstrate that he was personally involved with plaintiff's transportation or medical issues.  Plaintiff clearly states in his Complaint that he received medical and psychiatric treatment upon arrival in Florida, and no allegations are made to support an argument of deliberate indifference or even mere negligence as to Sheriff Hunter.  Therefore, defendant Hunter will be dismissed in his individual capacity.

**VI.**

As noted earlier, plaintiff did not complete and return the necessary service form to effect service of process as to Sergeant Richard George.  Under Federal Rule of Civil Procedure 4(c), "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."  <u>See also</u> Fed. R. Civ. P. 4(e); <u>Rochon v. Dawson</u>,

828 F.2d 1107, 1109-10 (5th Cir. 1987)[5].  Plaintiff was required to complete service of the summons and complaint within 120 days after the filing of the complaint.  Fed. R. Civ. P. 4(m).  That time has passed and plaintiff has failed to serve defendant.  Therefore, the individually named Sergeant Richard George will be dismissed without prejudice.

Accordingly, it is now

**ORDERED**:

1.  Defendant Transcor of America and Texas District Transport Sergeant's Motion to Dismiss (Doc. #25) is **GRANTED** and defendant Transcor of America is **dismissed without prejudice.**

2.  Defendant Don Hunter's Motion to Dismiss (Doc. #35) is **GRANTED** and defendant Don Hunter, individually and his official capacity, is **dismissed without prejudice.**

3.  Defendant B. George a/k/a Richard George is **dismissed without prejudice** for failure to effect service of process.

4.  Plaintiff may file an "Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order.  If no Amended Complaint is

---

[5]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

filed, the Court will enter judgment and close the case without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of March, 2006.


JOHN E. STEELE
United States District Judge


Copies:
Parties of record
SA/hk